UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   PLAINTIFF,      CIVIL NO.
VS.             HONORABLE

SEVENTY-SIX THOUSAND EIGHT
HUNDRED FIVE DOLLARS AND FIVE
CENTS ($76,805.05) IN FUNDS FROM
BANK ACCOUNT No. XXXX0616 IN THE
NAME OF DIAL DRUGS INC., AT
JP MORGAN CHASE BANK,

   DEFENDANT *IN REM*.
_____/

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Gjon Juncaj, Assistant United States Attorney, and for its Complaint for Forfeiture states:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

2. This Court has original jurisdiction over this proceeding pursuant to

1

28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(a), (b), and (c) because the action accrued and the Defendant Currency was found, seized and remains in the Eastern District of Michigan.

## Defendant *in rem*

6. The Defendant *in rem* consists of Seventy-Six Thousand Eight Hundred Five Dollars and Five Cents ($76,805.05) in funds from Bank Account No. XXXX0616 in the name of Dial Drugs Inc., at JPMorgan Chase Bank ("Defendant Currency").

## BACKGROUND INFORMATION

7. The Defendant *in rem* is property that constitutes or is derived from the proceeds of illegal activity, specifically Health Care Fraud in violation of 18 U.S.C. § 1347, Wire Fraud in violation of 18 U.S.C. § 1343, Conspiracy to

2

Commit Health Care Fraud and Wire Fraud in violation of 18 U.S.C. § 1349, False, Fictitious, or Fraudulent Claims in violation of 18 U.S.C. § 287, and is, therefore, subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), and § 984.

## GENERAL ALLEGATIONS

I. **The Medicare Program**

8. The Medicare Program ("Medicare") is a federally-funded health care program providing benefits to persons who are sixty-five years of age or older or disabled. Medicare is administered by CMS, a federal agency within the Department of Health and Human Services ("HHS"). Individuals who receive Medicare benefits are referred to as Medicare "beneficiaries."

9. Medicare is a "health care benefit program," as defined by 18 U.S.C. § 24(b).

10. Medicare has four parts: hospital insurance (Part A), medical insurance (Part B), Medicare Advantage (Part C), and prescription drug benefits (Part D).

11. A pharmacy can participate in Medicare Part D by entering into a retail network agreement directly with a plan or with one or more Pharmacy Benefit Managers ("PBMs"). A PBM acts on behalf of one or more Medicare drug plans. Through a plan's PBM, a pharmacy can join the plan's network. When a

Medicare Part D beneficiary presents a prescription to a pharmacy, the pharmacy submits a claim either directly to the plan or to a PBM that represents the beneficiary's Medicare drug plan. The plan or PBM determines whether the pharmacy is entitled to payment for each claim and periodically pays the pharmacy for outstanding claims. The drug plan's sponsor reimburses the PBM for its payments to the pharmacy. PBMs sometimes contract with Pharmacy Services Administrative Organizations to administer some of its services, such as payments.

12. CVS Caremark, OptumRx, and Express Scripts are three of several PBMs. CVS Caremark processes and adjudicates claims electronically in Arizona. OptumRx and Express Scripts process and adjudicate claims electronically outside the State of Michigan.

13. Medicare, through CMS, compensates the Medicare drug plan sponsors and pays the sponsors a monthly fee for each Medicare beneficiary of the sponsors' plans. Such payments are called capitation fees. The capitation fee is adjusted periodically based on various factors, including a beneficiary's medical conditions. In addition, in some cases where a sponsor's expenses for a beneficiary's prescription drugs exceed that beneficiary's capitation fee, Medicare reimburses the sponsor for a portion of those additional expenses.

14. By becoming a participating provider in Medicare, enrolled providers agree to abide by the policies and procedures, rules, and regulations governing

reimbursement. To receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, are required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies and procedures, rules, and regulations, issued by CMS and its authorized agents and contractors.

**II.     The Fraudulent Scheme**

15.    At all relevant times to the allegations of this complaint, Dial Drugs, Inc. ("Dial") was a registered and operating pharmacy in the State of Michigan. Beginning in 2011, Dial opened and maintained JPMorgan Chase checking account No. XXXX0616 as a repository account for receipt of payment for services from Medicare, Medicaid, and Blue Cross Blue Shield (BCBS).

16.    Beginning in 2011 and continuing through on or about May 2019, false and fraudulent claims were submitted by Dial through interstate wires from Michigan to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans and BCBS. The claims were processed and adjudicated electronically by CVS Caremark, OptumRx, and Express Scripts, among other PBMs, outside the State of Michigan. Receipt of the proceeds of the fraudulent submissions were electronically paid and deposited to JPMorgan Chase checking account no. XXXX0616.

17. The Defendant *in rem* funds were seized on or about May 8, 2019 from JPMorgan Chase checking account no. XXXX0616. The Defendant *in rem* funds constitute or are derived from proceeds traceable to the false and fraudulent medical claims submitted through Dial for payment of services by Medicare, Medicaid, and BCBS.

## CLAIM FOR RELIEF

18. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 17 above, including any subparagraphs thereunder.

19. The Defendant *in rem* constitutes proceeds of illegal activity or currency traceable to proceeds of illegal activity, specifically, Health Care Fraud in violation of 18 U.S.C. § 1347, Wire Fraud in violation of 18 U.S.C. § 1343, Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349, False, Fictitious, or Fraudulent Claims in violation of 18 U.S.C. § 287, and is, therefore, subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), and § 984.

## CONCLUSION

Plaintiff, the United States of America, respectfully requests that a warrant for the arrest of the Defendant *in rem* be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be

decreed; that judgment be entered declaring the aforementioned Defendant *in rem* condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                                        Respectfully submitted,

                                        Dawn N. Ison
                                        United States Attorney

                                        S/Gjon Juncaj
                                        Gjon Juncaj (P63256)
                                        Assistant U.S. Attorney
                                        211 W. Fort Street, Ste. 2001
                                        Detroit, Michigan 48226
                                        (313) 226-0209
                                        Gjon.Juncaj@usdoj.gov

Dated: May 13, 2022

## **VERIFICATION**

    I, Ian McDonald, am a Special Agent of the Federal Bureau of Investigation (FBI).  I have read the foregoing Complaint for Forfeiture and assert under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
Ian McDonald, Special Agent
Federal Bureau of Investigation

Dated: May 13, 2022